# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Tony Bethea,**
**Petitioner Below, Petitioner**

**FILED**

**April 19, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)  No. 18-0203** (Monongalia County 17-C-45)

**Donnie Ames, Superintendent,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Tony Bethea, by counsel Edmund J. Rollo, appeals the Circuit Court of Monongalia County's February 2, 2018, order denying his petition for a writ of habeas corpus. Respondent Donnie Ames, Superintendent, by counsel Julianne Wisman, filed a response.[1] On appeal, petitioner argues that the circuit court erred in denying his habeas petition without affording him a hearing in regard to his claims of ineffective assistance of counsel, improper introduction of prior bad acts evidence, and *Brady* violation, and in concluding that his double jeopardy claim lacked merit.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2002, following a jury trial, petitioner was convicted of three counts of second-degree sexual assault arising from his forced vaginal, anal, and oral intercourse with his victim. Petitioner, a recidivist, received an enhanced sentence of not less than twenty nor more than twenty-five years of incarceration for one conviction of second-degree sexual assault, and he was

---

[1]Since the filing of the petition in this case, the superintendent at Mt. Olive Correctional Complex has changed, and the superintendent is now Donnie Ames. The Court has made the necessary substitution of parties pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure. Additionally, effective July 1, 2018, the positions formerly designated as "wardens" are now designated "superintendents." *See* W. Va. Code § 15A-5-3.

sentenced to not less than ten nor more than twenty-five years for each remaining second-degree sexual assault convictions. Petitioner filed a direct appeal, which was refused by this Court on February 11, 2004.

Petitioner, by counsel, filed a petition for a writ of habeas corpus with the circuit court on January 27, 2017. Petitioner asserted several grounds for relief, including ineffective assistance of counsel due to trial counsel's alleged failure to call witnesses at trial, object to a photo array, and raise a defense regarding levels of consent.[2] Petitioner also asserted suppression of *Brady*[3] material, wrongful admission of evidence of prior bad acts, and violation of the Double Jeopardy Clause.

Following receipt of a response from the respondent, but without holding a hearing, the habeas court denied petitioner habeas relief on February 2, 2018. The habeas court undertook a review of the records from petitioner's underlying proceedings and concluded that petitioner was not denied effective assistance of counsel. Two witnesses whom petitioner claimed his counsel should have called at trial had testified at his bond hearing and the court determined that they had no "relevant, pertinent information regarding the sexual assault crimes committed against the victim." Regarding the two other witnesses petitioner contends should have been called, the record reflected that counsel, in fact, hired a private investigator to locate them, but the private investigator was unsuccessful in doing so. Further, although petitioner averred that his counsel erred in not calling an expert witness to rebut one of the State's witnesses, the habeas court found that there was no need as the State's witness testified as to what petitioner wanted to prove – that there were no major injuries to the victim. Regarding the photo array, the habeas court found that petitioner's argument lacked merit due to the fact that he never contested identity or that he was with the victim that night. Rather, his argument during trial was that the sexual acts he engaged in with the victim were consensual. Additionally, the habeas court found that petitioner's argument that his counsel failed to pursue a "levels of non-consent" defense was erroneous as the record demonstrated that his counsel did, in fact, make those arguments during closing argument. The habeas court concluded that, even if counsel's representation had been deficient in the ways claimed by petitioner, "it would not have made a difference in the outcome of the trial."

---

[2]Specifically, the victim testified that, upon petitioner's attempting anal intercourse, she "freaked out" and that petitioner resumed forcing her to engage in vaginal intercourse. Petitioner argues that his counsel should have drawn attention to the fact that the victim testified that petitioner ceased anal intercourse upon her non-consent, supporting his claims that the sexual intercourse was consensual.

[3]*See Brady v. Maryland*, 373 U.S. 83 (1963) ("We now hold that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."). *See also* syl. pt. 4, *State v. Hatfield*, 169 W. Va. 191, 286 S.E.2d 402 (1982) ("A prosecution that withholds evidence which if made available would tend to exculpate an accused by creating a reasonable doubt as to his guilt violates due process of law under Article III, Section 14 of the West Virginia Constitution.").

The habeas court also denied petitioner's claims regarding the admission of his prior bad acts due to the fact that it was in the trial court's discretion to admit that evidence, petitioner had raised that ground in his direct appeal, and such evidentiary rulings are not cognizable in habeas proceedings. The habeas court dismissed petitioner's *Brady* claim, finding that petitioner failed to state what evidence was withheld by the State. Finally, the habeas court denied petitioner's claims that his sentence violated the Double Jeopardy Clause, stating that petitioner was convicted of three counts of second-degree sexual assault for three distinct sexual acts: "vagina[l] sexual intercourse, oral sex, and anal sex." As such, petitioner was prosecuted, convicted, and appropriately sentenced based upon three separate and distinct offenses. It is from this order that petitioner appeals.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016).

On appeal, petitioner contends that the habeas court erred in dismissing his petition without holding a hearing on his claims of ineffective assistance of counsel, a *Brady* violation, and improper introduction of his prior bad acts. In the alternative, he argues that the habeas court should have dismissed his petition without prejudice in order to allow him to amend the petition.

We have previously held that the decision to hold a hearing rests in the "sound discretion" of the circuit court. *Tex S. v. Pszczolkowski*, 236 W. Va. 245, 253, 778 S.E.2d 694, 702 (2015) (citation omitted). Indeed,

> [a] court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus *without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief.*

Syl. Pt. 1, *Perdue v. Coiner*, 156 W. Va. 467, 194 S.E.2d 657 (1973) (emphasis added); *see also Gibson v. Dale*, 173 W. Va. 681, 688, 319 S.E.2d 806, 813 (1984) ("In essence, then, the post-conviction habeas corpus statute leaves the decision of whether to conduct an evidentiary hearing or to compel the State to produce evidence in its possession in large part to the sound discretion of the court before which the writ is made returnable."). Specifically,

> [i]f the facts were sufficiently developed at or before trial so that the court can rule on the issue presented without further factual development, the court may, in

its discretion, decline to conduct an evidentiary hearing during the habeas proceeding and may rule on the merits of the issues by reference to the facts demonstrated on the record.

*Gibson*, 173 W. Va. at 689, 319 S.E.2d at 814.

Petitioner does not challenge any of the rulings made by the habeas court on his ineffective assistance of counsel claims. He merely seeks a hearing and, in support, cites cases where we found a hearing was necessary. However, those cases are inapposite because petitioner's claims could all be addressed, without a hearing, by reference to the record developed in his underlying criminal matter. As set forth above, there was no merit to petitioner's claim that counsel should have called certain witnesses when those witnesses lacked relevant knowledge or could not be located, despite counsel's efforts. Petitioner's claim that a medical expert should have been called to testify that the victim sustained no physical injuries similarly lacked merit given that the State's medical expert testified to that fact. Any challenge to the photo array likewise was unnecessary as petitioner never disputed being with the victim[4], and petitioner's claim that counsel failed to pursue consent defenses was simply not supported by the record. Thus, the circuit court did not err in not holding a hearing on petitioner's ineffective assistance of counsel claim.

We likewise find no error in the habeas court's decision to summarily deny petitioner's claim that the State withheld *Brady* material. In his habeas petition and in his brief on appeal, petitioner fails to mention what evidence the State withheld, whether the evidence was exculpatory or impeachment evidence, or how he was prejudiced by this alleged failure to disclose. This Court has previously noted that "[a] circuit court may 'summarily deny unsupported claims that are randomly selected from the list of grounds'" identified in *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981). *Markley v. Coleman*, 215 W. Va. 729, 733, 601 S.E.2d 49, 53 (2004). A habeas petitioner must "state in detail the underlying facts that support the claim" because "without detailed factual support," the appointment of counsel and the holding of a hearing is simply not justified. *Losh*, 166 W. Va. at 771, 277 S.E.2d at 612. Again, petitioner failed to provide any information on what evidence was withheld or how he was prejudiced at trial. Because petitioner's claim lacks adequate factual support, we find no error in the habeas court's decision to summarily deny petitioner's *Brady* claim.[5]

---

[4]Indeed, the record indicates that petitioner's counsel had objected to the identification evidence, but later withdrew his objection after consulting with petitioner. Counsel for petitioner stated "Your Honor, after consulting with my client, at this time we would wish to withdraw that motion on the identification." To which the trial court inquired, "[petitioner], is that correct, that you wish to withdraw this motion?" Petitioner then clearly responded, "Yes, sir."

[5]Petitioner's primary contention on appeal is that the circuit court erred in denying his habeas petition without a hearing; however, he claims alternatively that the petition should have been dismissed without prejudice to afford him the opportunity to correct factual deficiencies within it. Indeed, Rule 4(c) of the Rules Governing Post-Conviction Habeas Corpus Proceedings

(continued . . . )

We also find no error in the habeas court's denial without a hearing of petitioner's claim that impermissible evidence of his prior bad acts was admitted at trial. "A habeas corpus proceeding is not a substitute for a writ of error in that ordinary trial error not involving constitutional violations will not be reviewed." Syl. Pt. 3, *Hatcher v. McBride*, 221 W. Va. 5, 650 S.E.2d 104 (2006) (citing syl. pt. 4, *State ex rel. McMannis v. Mohn*, 163 W. Va. 129, 254 S.E.2d 805 (1979)). Indeed, petitioner acknowledges that the trial court rulings on evidentiary matters are generally not reviewable by a habeas court, but he claims that "he was denied a fair trial because the error was sufficiently material" so as to rise to the level of a constitutional violation. Petitioner fails to offer authority or argument to support this conclusion; therefore, he has failed to demonstrate error in the circuit court's finding that "no constitutional errors were committed by the trial court in its evidentiary rulings."

Lastly, petitioner argues that his sentence violates the Double Jeopardy Clause because his three counts of second-degree sexual assault arose out of the same transaction.[6] But, petitioner's argument in support of this asserted error outlines case law that *supports* the circuit court's conclusion that petitioner's conviction for the three separate statutorily defined acts of second-degree sexual assault does not violate double jeopardy principles. He nonetheless urges this Court to revisit that case law in light of a *dissent* in *State v. McGilton*[7] that argues that the defendant in that case should have been charged with one count of malicious assault to represent the single episode during which the defendant stabbed his wife numerous times rather than with the three charged counts. Petitioner offers no reason for revisiting or departing from our holding that "[w]here a defendant commits separate acts of our statutorily defined term 'sexual intercourse' in different ways, each act may be prosecuted and punished as a separate offense."

---

in West Virginia provides that "[i]f the petition contains a mere recitation of grounds without adequate factual support, the court may enter an order dismissing the petition, without prejudice, with directions that the petition be refiled containing adequate factual support." Specifically, the habeas court found that it could not "rule without knowing specifically what the State did not disclose." Under *Markley*, "[w]hen [the] circuit court, in its discretion, chooses to dismiss a habeas corpus allegation because the petition does not provide adequate facts to allow the circuit court to make a 'fair adjudication of the matter,' the dismissal is without prejudice." 215 W. Va. at 734, 601 S.E.2d at 54. But petitioner's remaining claims were not dismissed due to lacking factual support. They were denied after a full review of the records in petitioner's underlying criminal proceedings showed that he was entitled to no relief.

[6]"The Double Jeopardy Clause in Article III, Section 5 of the *West Virginia Constitution* . . . prohibits multiple punishments for the same offense." Syl. Pt. 1, in part, *Conner v. Griffith*, 160 W. Va. 680, 238 S.E.2d 529 (1977).

[7]229 W. Va. 554, 729 S.E.2d 876 (2012).

Syl. Pt. 2, *State v. Carter*, 168 W. Va. 90, 282 S.E.2d 277 (1981).[8] Accordingly, we decline to do so and find no error in the circuit court's conclusion that petitioner's conviction does not violate double jeopardy principles.

For the foregoing reasons, we affirm the circuit court's February 2, 2018, order denying petitioner's petition for a writ of habeas corpus.

Affirmed.

**ISSUED:**  April 19, 2019

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

---

[8]*See also State v. Rummer*, 189 W. Va. 369, 432 S.E.2d 39 (1993) (holding that a defendant was not subjected to unconstitutional double jeopardy when convicted of two counts of sexual abuse for touching two separate body parts in a single episode).